IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HILARIO SANCHEZ-GARCIA, a/k/a ANTONIO SANCHEZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>                      Plaintiff,<br><br>      v.<br><br>UNITED MAINTENANCE COMPANY, INC., an Illinois corporation, d/b/a UNITED MAINTENANCE, and RUBEN MARTINEZ, an individual,<br><br>                      Defendants. | Case No. 16-cv-02074 |

## **COMPLAINT**

The Plaintiff, Hilario Sanchez-Garcia a/k/a Antonio Sanchez ("Plaintiff" or "Sanchez-Garcia"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, United Maintenance Company, Inc. d/b/a United Maintenance ("United Maintenance") and Ruben Martinez ("Martinez"), as follows:

**Nature of the Suit**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"). Defendants violated federal and state minimum wage laws by failing to pay Plaintiff, and other employees, the minimum wage. Defendants further violated federal and state overtime laws by failing to pay an overtime premium when they worked more than 40 hours in an individual workweek. This

case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party is attached as Exhibit A. (See Exh. A.)

**Jurisdiction and Venue**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**The Parties**

4. Plaintiff is a former employee of the Defendants who performed cleaning and janitorial services at hotels and restaurants located in Chicago, Illinois.

5. Plaintiff was employed by Defendants within the last three years before the filing of this suit and until approximately February 2014.

6. Defendant United Maintenance is operated by United Maintenance Company, Inc., an Illinois corporation, and is doing business as a maintenance company within this judicial district.

7. United Maintenance is one of five divisions of United Services Companies, Inc., an Illinois corporation.

8. United Maintenance is a maintenance company providing overnight deep cleaning, deep cleaning of kitchens, and other cleaning and maintenance services to office buildings, theaters, sports facilities, hospitals, hotels, and commercial kitchens in the Chicagoland area.

9. United Maintenance's president, corporate secretary, and registered agent are located within this judicial district.

10. Upon information and belief, Defendant United Maintenance earned more than $500,000 in annual gross revenue during 2012, 2013, 2014 and 2015.

11. During the course of his employment, Plaintiff handled goods, including cleaning products, that moved in interstate commerce.

12. Upon information and belief, Defendant Martinez is employed as a Manager for Defendant United Maintenance. Upon information and belief, Martinez resides in and is domiciled within this judicial district.

13. Defendant Martinez possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Defendant Martinez was responsible for transporting Plaintiff, and other workers, to and from worksites. Martinez paid the wages of Plaintiff, and other workers under his direction and control. Martinez further made unlawful deductions from the wages of Plaintiff and other workers.

## Common Allegations

14. During the last three years before the filing of this suit, Defendant United Maintenance contracted with local hotels, convention, and other facilities to provide janitorial workers to perform overnight cleaning, kitchen cleaning, and other maintenance and cleanup services.

15. During the last three years before the filing of this suit, Plaintiff, and other janitorial workers, were assigned to clean the Westin Michigan Avenue Chicago hotel located at 909 N. Michigan Avenue in Chicago, Illinois ("the Westin Michigan Avenue").

16. On behalf of Defendants, Plaintiff, and the other janitorial workers, cleaned the Westin Michigan Avenue's cafeteria and the hotel's restaurant, The Grill on the Alley.

17. Plaintiff, and other janitorial workers, were transported to the Westin Michigan Avenue by Defendant Martinez. Martinez picked up the workers from a pre-determined street corner and drove the workers to and from the hotel site.

18. Plaintiff, and other janitorial workers, were then directed to work, and did work, more than 40 hours per week.

19. Plaintiff was scheduled to clean the Westin Michigan Avenue from 11:00 p.m. to 6:00 a.m. seven days per week.

20. Based on his work schedule, Plaintiff worked approximately 49 hours per week when he cleaned the Westin Michigan Avenue during the last three years before the filing of this suit.

21. Defendants paid Plaintiff, and other janitorial workers, by issuing a payroll check for less than 40 hours of work in a workweek and paying the remainder of the employees' hours in cash.

22. For example, Plaintiff often received a payroll check for 30 or 35 hours worked in an individual workweek. Plaintiff was paid at the rate of $8.25. Therefore, Plaintiff's payroll check typically did not exceed $288.75 in gross wages (35 x $8.25).

4

23. Defendants then purported to pay Plaintiff's remaining weekly wages in cash in the amount of $100.00.

24. However, Defendant Martinez, who drove Plaintiff and other janitorial workers to and from the hotel site, deducted $5.00 per day from each workers' wages for his own personal benefit.

25. Based on the schedule worked by Plaintiff and other janitorial workers, Defendants regularly deducted $35.00 from their weekly wages.

26. After Defendants' deduction of $35.00, Plaintiff and the other workers were paid $65.00 in cash plus the payroll check every week.

27. Based on Plaintiff's combined weekly wages and his regular hours worked, Plaintiff's regular hourly rate was below $7.25 in individual workweeks.

28. Based on combined weekly wages divided by his regular hours worked, Plaintiff's regular hourly rate was below $8.25 in individual workweeks.

29. In addition, Defendants did not compensate Plaintiff, and other janitorial workers, at one and one-half times their regular hourly rates (or the statutory minimum wage) for hours worked in excess of 40 in individual workweeks.

30. Defendants never paid Plaintiff, and other janitorial workers, an overtime premium when they worked more than 40 hours in a work week.

31. Upon information and belief, Defendants failed to create, maintain, and preserve payroll records in accordance with 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700.

32. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

## COUNT I
## Violation of the Fair Labor Standards Act – Minimum Wages

33. Plaintiff hereby incorporates paragraphs 1 through 32 as though stated herein.

34. During the last three years before the filing of this suit, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

35. During the last three years before the filing of this suit, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

36. Throughout Plaintiff's employment, Defendants employed other janitorial workers who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213

37. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

38. Defendant United Maintenance was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

39. Pursuant to 29 U.S.C. § 206, Plaintiff as well as other janitorial workers were entitled to be compensated according to the applicable minimum wages under the FLSA.

40. Defendants violated the minimum wage provisions of this section by failing to pay the statutory minimum wage to Plaintiff and other janitorial workers.

41. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff and other janitorial workers the minimum wage was willful and not in good faith. Defendants intentionally created false wage payment and payroll records in order to conceal their violations of the Act. In furtherance of their scheme, Defendants paid Plaintiff's wages in cash to conceal Plaintiff's actual hours worked and their own failure to pay the minimum wage. Upon

information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiff, Hilario Sanchez-Garcia a/k/a Antonio Sanchez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, United Maintenance Company, Inc. d/b/a United Maintenance and Ruben Martinez, as follows:

  A. Judgment in the amount of unpaid minimum wages found due;

  B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

  C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages

42. Plaintiff hereby incorporates paragraphs 1 through 32 as though stated herein.

43. During the last three years before the filing of this suit, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

44. During the last three years before the filing of this suit, Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

45. Throughout Plaintiff's employment, Defendants employed other janitorial workers who were similarly not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

46. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

47. Pursuant to 820 ILCS § 105/4, Plaintiff as well as other janitorial workers were entitled to be compensated according to the applicable minimum wages under the IMWL.

48. Defendants violated the minimum wage provisions of this section by failing to pay the statutory minimum wage to Plaintiff and other janitorial workers.

**WHEREFORE**, the Plaintiff, Hilario Sanchez-Garcia a/k/a Antonio Sanchez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, United Maintenance Company, Inc. d/b/a United Maintenance and Ruben Martinez, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Overtime Wages

49. Plaintiff hereby incorporates paragraphs 1 through 32, 34, 37, and 38 as though stated herein.

50. During the last three years before the filing of this suit, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

51. During the course of Plaintiff's employment, Defendants employed other janitorial workers who were similarly not exempt from the overtime wage provisions of the FLSA.

52. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other janitorial workers worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

53. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

54. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants intentionally created false wage payment and payroll records in order to conceal their violations of the Act. In furtherance of their scheme, Defendants paid Plaintiff's wages in cash to conceal Plaintiff's actual hours worked and their own failure to pay overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiff, Hilario Sanchez-Garcia a/k/a Antonio Sanchez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, United Maintenance Company, Inc. d/b/a United Maintenance and Ruben Martinez, as follows:

    A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law – Overtime Wages

55. Plaintiff hereby incorporates paragraphs 1 through 32, 43, and 46 as though stated herein.

56. During the last three years before the filing of this suit, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

57. During the course of Plaintiff's employment, Defendants employed other janitorial workers who were similarly not exempt from the overtime wage provisions of the IMWL.

58. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other janitorial workers worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

59. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Hilario Sanchez-Garcia a/k/a Antonio Sanchez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, United Maintenance Company, Inc. d/b/a United Maintenance and Ruben Martinez, as follows:

    A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

    C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D. Such other and further relief as this Court deems appropriate and just.

Dated: February 9, 2016            Respectfully submitted,
Hilario Sanchez-Garcia, on behalf of himself
and all other Plaintiffs similarly situated,
known and unknown, Plaintiff


/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys


Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net